JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION MARTINEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>WEST HILLS HOSPITAL, *et al.*,<br><br>            Defendants. | Case No. 2:25-cv-01749-FLA (MBKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 11]** |

# RULING

Before the court is Plaintiff Marion Martinez's ("Plaintiff") Motion to Remand ("Motion"). Dkts. 11, 11-1 ("Mot. Br."). Defendants West Hills Hospital, HCA Healthcare, Inc., CHC Payroll Agent, Inc., HCA Human Resources, LLC, Los Robles Regional Medical Center, Charlene Timms, and Adam Gardner (collectively, "Defendants")[1] oppose the Motion. Dkt. 17 ("Opp'n").[2] On April 28, 2025, the court found the Motion appropriate for resolution without oral argument and vacated the hearing set for May 2, 2025. Dkt. 20; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS Plaintiff's Motion, REMANDS the action to the Los Angeles County Superior Court, and DENIES Plaintiff's request for attorney's fees.

# BACKGROUND

On June 13, 2023, Plaintiff filed an initial complaint ("Complaint") in the Los Angeles County Superior Court asserting claims against Defendants for unlawful discrimination and retaliation in violation of California Labor Code §§ 1102.5, 6310, 6311 ("§ 6311"); unlawful retaliation in violation of California Health and Safety Code § 1278.5; wrongful termination; and defamation.[3] Dkt. 1-2, Ex. A ("Compl."). Plaintiff subsequently filed the First Amended Complaint on August 14, 2023, *id.*, Ex. H, and the Second Amended Complaint on December 18, 2023, *id.*, Ex. U.

On January 31, 2025, Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment, or in the Alternative, Summary Adjudication ("Opposition to Defendants' MSJ"). Dkt. 1-5, Ex. IIII ("Opp'n to MSJ"). On February 28, 2025,

---

[1] Pursuant to stipulation, Defendants HCA Healthcare and HCA Human Resources Group were dismissed from the action. Dkt. 1-2, Ex. R.

[2] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

[3] Defendants' general demurrer to Plaintiff's sixth cause of action for defamation was sustained on March 27, 2024. Dkt. 1-1 ¶ 28.

2


Defendant West Hills Hospital, with the consent of all Defendants, removed the action to this court alleging federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1 ("NOR") ¶¶ 8, 11. Defendants aver removal is timely because Defendants removed within thirty days of first ascertaining the action had become removable under 28 U.S.C. § 1446(b)(3) ("§ 1446(b)(3)"). *Id.* ¶¶ 5–6.

## DISCUSSION

**I.  Legal Standard**

Federal courts are presumed to "lack jurisdiction unless the contrary appears affirmatively from the record;" therefore, the party seeking federal jurisdiction bears the burden of establishing it. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions that arise under federal law. Any civil action brought in state court for which district courts have original jurisdiction may be removed. 28 U.S.C. § 1441. However, due to the "strong presumption" against removal, "federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Pursuant to 28 U.S.C. § 1446, there are two thirty-day periods for removal. Typically, a notice of removal must be filed within thirty days after a defendant is served with the initial pleading or summons. *See* 28 U.S.C. § 1446(b)(1) ("§ 1446(b)(1)"). Alternatively, if the "initial pleading is not removable," then a notice of removal may be filed within thirty days after receipt of an "amended pleading, motion, order, or other paper" from which "it may first be ascertained that the case is one which is or has become removable." *See* § 1446(b)(3). Grounds for removal must be "apparent within the four corners of the initial pleading or subsequent paper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) (citation omitted); *see also Gomez v. Bradford*, Case No. 2:20-cv-00506-TLN-DB, 2021 WL 3733119, at *4 (E.D. Cal. Aug. 24, 2021) (removal was untimely when grounds for removal were "no more than a reiteration of [p]laintiff's allegations in the

[c]omplaint") (alterations in original); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) (holding that an "unequivocally clear and certain" standard for removability "avoid[s] gamesmanship" and allow "plaintiffs to start the clock and prevent strategic delays").

## II. Analysis

### A. Untimely Removal

Defendants allege removal was timely because the initial pleading did not reveal a basis for removal and, therefore, did not trigger the thirty-day period. *See* NOR ¶ 7; § 1446(b)(1). Instead, Defendants maintain that the thirty-day period was not triggered until Plaintiff filed his Opposition to Defendants' MSJ and Defendants ascertained for the first time that the action was removable. *See* NOR ¶¶ 5–7; § 1446(b)(3).[4]

According to Defendants, Plaintiff's Opposition to Defendants' MSJ revealed for the first time that his third cause of action—unlawful retaliation in violation of § 6311—was based on his refusal to perform work that would have violated California Labor Code § 6400 ("§ 6400")[5] and, therefore, requires interpretation of a collective bargaining agreement ("CBA").[6] *See* NOR ¶¶ 5–7, 12. Under Section 301 ("§ 301") of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185), "[s]uits for violation of contracts between an employer and a labor organization … may be

---

[4] Plaintiff's Opposition to Defendants' MSJ qualifies as an "other paper" which can trigger the thirty-day window to remove. *See Torres v. S. California Permanente Med. Grp.*, Case No. 2:22-cv-01910-MWF (MARx), 2022 WL 2116339, at *4 (C.D. Cal. June 13, 2022) ("receipt of the summary judgment opposition … clearly qualifies as an 'other paper[.]'").

[5] Section 6400(a) provides that "[e]very employer shall furnish employment and a place of employment that is safe and healthful for the employees therein."

[6] The Collective Bargaining Agreement set forth the contract between SEIU Local 121RN and West Hills Hospital, d/b/a West Hills Hospital & Medical Center, during the entirety of Plaintiff's employment as a registered nurse at West Hills Hospital and member of SEIU Local 121RN. *See* Dkt. 1-5, Ex. BBBB at 189, 202, 204.

brought in a district court." *Id.* (citation omitted).  Accordingly, Defendants maintain that all state law claims raised by an employee requiring interpretation of a CBA are preempted by § 301, creating federal question jurisdiction. *Id.* ¶¶ 13–14, 17. Defendants further contend Plaintiff's § 6311 claim requires interpretation of the CBA's provisions related to Defendants' duty to furnish a safe and hazard-free workplace. *Id.* ¶ 12.  Thus, Defendants maintain, § 301 preempts Plaintiff's § 6311 claim. *Id.*

Plaintiff disagrees and contends his claims "rely exclusively on California state law and do not arise out of or require interpretation of any collective bargaining agreement …." Opp'n at 7.  Plaintiff further argues that all three iterations of his Complaint, dating back to June 2023, included a § 6311 claim that referenced § 6400. *Id.* at 8.

Plaintiff unequivocally incorporated § 6400 into his § 6311 claim in his original Complaint, which he filed on June 13, 2023, Compl. ¶ 45, and in every amended complaint thereafter, *id.*, Exs. H ¶ 45, U ¶ 45.  Plaintiff's third cause of action alleges:

> California Labor Code § 6311 states that no employee shall be laid off or discharged for refusing to perform work in the performance of which this code, *including Section 6400*, any occupational safety or health standard or any safety order of the division or standards board will be violated, where the violation would create a real and apparent hazard to the employee or his or her fellow employees.

Compl. ¶ 45 (emphasis added).

Plaintiff's Second Amended Complaint ("SAC"), *id.*, Exh. U, filed on December 18, 2023, alleged Plaintiff was asked to care for patients in violation of nurse-to-patient ratios, SAC ¶¶ 17, 20-21, and that Plaintiff and other employees were often overworked, which "was a concern for patient and employee safety." *Id.* ¶ 17. The SAC further alleged that on December 11, 2022, Plaintiff was given an assignment by a nurse supervisor that "would compromise patient care and safety as well as employee safety," *id.* ¶ 20, and that Plaintiff "refused to work in unsafe

working conditions and insufficiently staffed assignments," *id.* ¶ 46.

Plaintiff's Opposition to Defendants' MSJ—filed almost two years after the original Complaint—states § 6311 "protects an employee who refuses to work when the work would occur under circumstances in violation of section 6400" and that a "violation of a safety or health standard or safety order is no longer required where a plaintiff's claim under section 6311 is based on an alleged violation of section 6400." Opp'n to MSJ at 493. These statements reiterated allegations made in Plaintiff's original Complaint, and repeated and reinforced thereafter. The court finds, as a result, that removability was ascertainable from the face of the June 2023 Complaint, as well as from subsequent iterations. *See Gomez*, 2021 WL 3733119, at *4.

Defendants' reliance on *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013), and *Harris*, 425 F.3d at 695, for the proposition that defendants should not be required to "make extrapolations or engage in guesswork" when discerning claims in complaints, is misplaced. Opp'n at 15. In *Kuxhausen*, 707 F.3d at 1140–41, the amount in controversy necessary to ascertain removability was "[n]owhere in the pleading." Similarly, in *Harris*, 425 F.3d at 696, a defendant's citizenship—which rendered the action removable—was not "revealed on the face of his initial pleading" and would have required defendants to consult outside materials. As stated, the June 2023 Complaint made clear Plaintiff was asserting a § 6311 claim that was grounded in § 6400. The SAC reinforced this assertion six months later with additional facts.

Furthermore, while defendants are not required to "make extrapolations or engage in guesswork," they are not exempted from applying "a reasonable amount of intelligence in ascertaining removability." *Kuxhausen*, 707 F.3d at 1140 (citation omitted). Defendants understood Plaintiff's claims well enough to plead LMRA preemption as the third affirmative defense in their Answer, filed on July 15, 2024. Dkt. 1-2, Ex. HH at 682–83. ("Defendants … believe … that the Complaint, and each and every purported cause of action alleged therein, is barred … because the

6

resolution of Plaintiff's claims is substantially dependent on analysis of the [CBA] that governed Plaintiff's employment, and such claims are therefore preempted by [§ 301].").

Given that the original Complaint expressly incorporated § 6400, Plaintiff's Opposition to Defendants' MSJ did not provide any new information that was not already apparent from that Complaint and subsequent iterations. Additionally, considering the "unequivocally clear and certain" standard for removability, denying the Motion—thereby allowing removal more than two years after the original Complaint—would permit "gamesmanship" and allow Defendants to "strategic[ally] delay" the action even longer. *See Dietrich*, 14 F.4th at 1094. Accordingly, Defendants' removal is untimely, and Plaintiff's Motion is GRANTED. *See* § 1446(b)(1); *Kuxhausen*, 707 F.3d at 1140.

### B. Attorney's Fees Pursuant to 28 U.S.C. § 1447(c)

Absent unusual circumstances, courts may award attorney's fees under § 1447(c) when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Furthermore, removal is not "objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Although Defendants' arguments for removal lack merit, they are not objectively unreasonable. *See id.*; *see also Vagle v. Archstone Cmtys., LLC*, Case No. 2:13-cv-09044-RGK (AJWx), 2014 WL 463532, at *4 (C.D. Cal. Feb. 5, 2014) (denying attorney's fees because defendant's arguments lacked merit but were ones an objectively reasonable litigant would make); *Bendorf v. Sea World LLC*, Case No. 3:21-cv-02061-AJB-AGS, 2022 WL 1056083, at *4 (S.D. Cal. Apr. 8, 2022) (declining to award attorney's fees where defendants' removal was untimely but not objectively unreasonable).

Accordingly, Plaintiff's request for $9,450.00 in attorney's fees and costs is DENIED.  Mot. Br. at 25.

## **CONCLUSION**

For the aforementioned reasons, the court GRANTS the Motion, REMANDS the action to the Los Angeles County Superior Court, Case No. 23STCV13576, and DENIES Plaintiff's request for attorney's fees.  All dates and deadlines in this court are VACATED.  The Clerk of the Court shall close the action administratively.

IT IS SO ORDERED.

Dated: October 24, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge